IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHARON WOODALL, on behalf of herself and as administrator of the estate of her son, TERRANCE GILBERT, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> The CITY OF CHICAGO, a municipal Corporation, Chicago Police Officers CASEY KASPER #16787, MICHAEL TUDRON #7769, JAMES CIANNELLA #1068, DERRICK PICKETT #1127, and Chicago Police Sergeant XAVIER ELIZONDO #1340, <br><br> Defendants. | 15 CV 11630 <br><br> Judge LEINENWEBER <br><br> Magistrate Judge COX |

**FIRST AMENDED COMPLAINT**

Plaintiff SHARON WOODALL, on behalf of herself and as administrator of the estate of her son, decedent TERRANCE GILBERT, by and through her attorneys, Jeffrey B. Granich and Torreya L. Hamilton, makes the following first amended complaint against Defendants CITY OF CHICAGO (Defendant CITY), Chicago Police Officers CASEY KASPER #16787, MICHAEL TUDRON #7769, JAMES CIANNELLA #1068, and DERRICK PICKETT #1127, and Chicago Police Sergeant XAVIER ELIZONDO #1340 (Defendant OFFICERS):

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At the time of his death, decedent TERRANCE GILBERT was a 25-year-old African-American male, and a resident of the City of Chicago, Illinois.

5. Plaintiff SHARON WOODALL is the mother of decedent TERRANCE GILBERT and brings this action on behalf of herself and as the administrator of her son's estate. At all relevant times, SHARON WOODALL was a resident of the City of Chicago, Illinois.

6. At all relevant times, Defendant OFFICERS were Chicago Police Officers employed by the Defendant CITY and acting under color of state law and within the scope of their employment as Chicago police officers.

7. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the Defendant OFFICERS. Should Plaintiff prevail on her claims, Defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claims, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

## FACTS

8. On Christmas day, December 25, 2014, Decedent TERRANCE GILBERT was at his aunt's home at 450 East Marquette Road, in Chicago, Illinois, visiting with his family for the holiday.

9. Around 6:40 p.m. while TERRANCE GILBERT was outside on the front porch, Defendant OFFICERS arrived at 450 East Marquette Road.

10. Defendant KASPER fired shots at TERRANCE GILBERT resulting in mortal gun shot wounds, which caused his death.

## COUNT I
(42 U.S.C. §1983 –Fourth Amendment Excessive Force)

11. Each of the foregoing paragraphs is incorporated as if fully restated here.

12. As described more fully in the preceding paragraphs, Defendant KASPER subjected Decedent TERRANCE GILBERT to excessive force in violation of the Fourth Amendment to the United States' Constitution.

13. One or more Defendant OFFICERS were aware of their fellow officer's misconduct, had a reasonable opportunity to intervene to protect TERRANCE GILBERT from harm, but failed to do so.

14. Defendant OFFICERS' conduct was objectively unreasonable under the totality of the circumstances.

15. Defendant OFFICERS' conduct caused severe physical and emotional harm to, and the death of decedent TERRANCE GILBERT.

16. As a direct and proximate result of Defendant OFFICERS' acts or omissions, decedent experienced conscious and severe pain and suffering and emotional distress and death, and his estate has incurred medical and funeral expenses.

**WHEREFORE**, Plaintiff, SHARON WOODALL, as administrator of the estate of TERRANCE GILBERT, prays for judgment against Defendant OFFICERS, jointly and severally, in an amount reasonable to compensate Decedent's estate, plus punitive damages against Defendant OFFICERS, in addition to costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights)

17. Each of the foregoing paragraphs is incorporated as if fully restated here.

18. As described more fully above, the Defendant OFFICERS reached an express or implied agreement to violate Decedent's constitutional rights as described in the preceding paragraphs.

19. One or more of Defendant OFFICERS further conspired to cover up their own, and each others' misconduct with respect to Decedent TERRANCE GILBERT.

20. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

21. The misconduct described in this Count was undertaken with willfulness or reckless indifference to the rights of Decedent TERRANCE GILBERT.

22. As a result of the Defendant OFFICERS' acts or omissions, Decedent TERRANCE GILBERT experienced conscious and pain and suffering, emotional distress, and death; and his estate incurred medical and funeral expenses.

**WHEREFORE**, Plaintiff SHARON WOODALL, as administrator of the estate of TERRANCE GILBERT, prays for judgment against Defendant OFFICERS, jointly and severally, in an amount reasonable to compensate Decedent's estate, plus punitive damages against Defendant OFFICERS, in addition to costs, attorney's fees, and such other relief as is just and equitable.

**COUNT III–Policy Claim**

23. Plaintiff restates the preceding paragraphs as if fully restated here.

24. The misconduct of Defendant OFFICERs alleged above was undertaken pursuant to the policy and practice of the City of Chicago.

25. As a matter of both policy and practice, the City of Chicago encourages the type of misconduct at issue in this case by failing to adequately investigate and discipline Chicago police officers who who have been involved in the shooting of civilians, and Defendant CITY's failure to do so constitutes deliberate indifference;

26. According to City of Chicago statistics, since its inception in 2007, the City of Chicago's Independent Police Review Authority (IPRA) has investigated approximately 409 civilian shootings by Chicago police officers and has found 407 of those to be justified uses of deadly force;

27. Even when IPRA investigators find a police shooting to have been unjustified, Defendant CITY, through its chosen IPRA supervisors, refuses to make findings against Chicago police officers involved in civilian shootings, and force their investigators to change their findings and reports to hide police officer misconduct from public scrutiny and oversight;

28. Even after a jury finds that a Chicago police officer used excessive force on a citizen, Defendant CITY does not discipline that Officer based on the jury's findings, nor does it re-open its investigation into the citizen's allegations that resulted in the jury verdict. For example, in 2009, a jury found that Officer Jason Van Dyke had used excessive force on a citizen and awarded that citizen $350,000.00 in damages. Officer Van Dyke was not disciplined as a result of the jury's findings and thus, was led to believe that he could commit acts of excessive force with impunity. Five years later, Van Dyke killed Laquan McDonald.

29. As a direct result of the aforementioned failures by Defendant CITY to adequately investigate civilian shootings and take appropriate disciplinary action against its police officers, Chicago police officers, including Defendant OFFICERs are led to believe their actions will never be scrutinized or punished, and in that way, Defendant CITY directly encourages future abuses such as the shooting death of TERRANCE GILBERT.

**WHEREFORE**, Plaintiff prays for judgment against Defendants CITY OF CHICAGO for compensatory damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### COUNT IV
(Illinois Wrongful Death Claim)

30. Each of the foregoing paragraphs is incorporated as if fully restated here.

31. At all relevant times, Defendant OFFICERS owed decedent TERRANCE GILBERT a duty to refrain from wanton and willful acts and/or omissions, which could cause him harm.

32. Defendant OFFICERS breached their duty to Decedent TERRANCE GILBERT in the manner described above and their actions were undertaken intentionally, willfully and wantonly, and were the proximate cause of Decedent's great bodily harm, pain and suffering and death.

33. Decedent TERRANCE GILBERT is survived by his mother SHARON WOODALL and his two brothers Luster Cartharn and Herman Yancy.

34. By reason of the death of Decedent TERRANCE GILBERT, Decedent's mother, SHARON WOODALL, and his two brothers, Luster Cartharn and Herman Yancy, have suffered damages, including grief, and the loss of comfort, love, affection, and society of their family member, Decedent, TERRANCE GILBERT.

35. Illinois law provides that Defendant CITY must pay compensatory damages caused to Decedent by a CITY employee who was acting within the scope of his or her employment when he caused those damages to Decedent.

36. At all relevant times, Defendant OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for compensatory damages caused by its agents, Defendant OFFICERS.

**WHEREFORE**, Plaintiffs prays for judgment against Defendant CITY in an amount reasonable to compensate Decedent's next of kin for damages they have each suffered as a result of Decedent's death, and such other relief as is just and equitable.

### COUNT V
(Illinois Survival Act Claim-Battery)

37. Each of the foregoing paragraphs is incorporated as if fully restated here.

38. As more fully alleged in the preceding counts, the actions of Defendant OFFICERS used physical force upon Decedent TERRANCE GILBERT without his consent.

39. Defendant OFFICERS' acts and/or omissions, as more fully described above, were undertaken intentionally, willfully and wantonly.

40. As a direct and proximate result of Defendant OFFICERS' and acts or omissions, Decedent TERRANCE GILBERT suffered conscious pain and suffering and emotional distress before his death.

41. Decedent TERRANCE GILBERT is survived by his next of kin, his mother Plaintiff SHARON WOODALL, who maintains the statutory and common law causes of actions alleged in this complaint, which accrued prior to her son's death.

42. Illinois law provides that Defendant CITY must pay compensatory damages caused to Decedent by a CITY employee who was acting within the scope of his employment when he caused those damages to Decedent.

43. At all relevant times, Defendant OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for compensatory damages caused by its agents, Defendant OFFICERS.

    **WHEREFORE**, Plaintiff SHARON WOODALL, as administrator of her son's, TERRANCE GILBERT's estate, prays for judgment against Defendant CITY, in amount reasonable to compensate Decedent for DEFENDANTS' willful misconduct, and such other relief as is just and equitable.

### COUNT VI
(Illinois Survival Act Claim-Intentional Infliction of Emotional Distress)

44. Each of the foregoing paragraphs is incorporated as if fully restated here.

45. As more fully alleged in the preceding counts, Defendants wantonly and willfully caused Decedent TERRANCE GILBERT to suffer severe emotional distress before his death.

46. Defendants knew or should have known that their acts or omissions would cause Decedent TERRANCE GILBERT to suffer severe emotional distress, and in fact, their willful and wanton misconduct, did cause him to suffer severe emotional distress until she died.

47. As a direct and proximate result of Defendants' acts or omissions, Decedent TERRANCE GILBERT suffered the severe emotional distress and suffering prior to his death.

48. Decedent TERRANCE GILBERT is survived by his mother, Plaintiff SHARON WOODALL, who maintains the statutory and common law causes of actions alleged in this complaint, which accrued prior to her son's death.

49. Illinois law provides that Defendant CITY must pay compensatory damages caused to Decedent by a CITY employee who was acting within the scope of his employment when he caused those damages to Decedent.

50. At all relevant times, Defendant OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for compensatory damages caused by its agents, Defendant OFFICERS.

**WHEREFORE**, Plaintiff WOODALL, prays for judgment against Defendant CITY in and amount reasonable to compensate Decedent's estate for Defendant CITY's willful misconduct and such other relief as is just and equitable**.**

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

SHARON WOODALL, Administrator of the Estate of her son, Decedent TERRANCE GILBERT, on behalf of herself and Decedent's next of kin,

By: /s Jeffrey B. Granich
    One of Plaintiffs' Attorneys

LAW OFFICE OF JEFFREY GRANICH
53 West Jackson Boulevard, Suite 1028
Chicago, Illinois 60604
312.939.9009

By: /s Torreya L. Hamilton
    One of Plaintiffs' Attorneys

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Atty. No. 6229397